UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| MICHAEL HOWARD HUNTER, | ) | CASE NO. MC05-149-MAT |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER OF TRANSFER |
| | ) | |
| JOHN C. COUGHENOUR, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner was convicted in 1988, following a jury trial, of threatening the President of the United States and several federal judges. *See United States v. Hunter*, 935 F.2d 276, 1991 WL 99498 (Memorandum Disposition, 9th Cir. 1991). He has challenged that conviction through a direct appeal (*id.*), a motion under 28 U.S.C. § 2255 (*Hunter v. USPC*, Case No. C88-1424), and a petition for a writ of error *coram nobis* (*Hunter v. United States*, Case No. C99-1885).[1]

---

[1] In addition, Petitioner has been a party in 39 actions in this district. In 1990, after finding that petitioner was "placing a great burden on the Court by reason of the large number of frivolous and/or malicious filings," the Honorable John C. Coughenour imposed restrictions on petitioner's ability to file future cases. *See Hunter v. Aldridge*, Case No. C90-616C (Dkt. 7.) Specifically, Judge Coughenour required that, in order to proceed *in forma pauperis*, petitioner must show "good cause . . . as to why plaintiff should be permitted to sue on a particular cause of action at

ORDER OF TRANSFER
PAGE -1

01       Petitioner recently submitted an *in forma pauperis* ("IFP") application and several other

02 pleadings.  Although the pleadings are somewhat cryptic, petitioner states that he wishes to file

03 a "petition for a writ of habeas corpus" challenging his 1988 conviction.  (Doc. #9 at 2).

04 Petitioner asserts that he is presently incompetent to proceed and that the court must appoint an

05 attorney to represent him.  The basis for his proposed habeas petition appears to be his assertion

06 that at his arraignment, "the Court did not inform petitioner of the nature of the offenses, the

07 amount of the penalties if convicted or the dangers of being pro se . . . ."  (*Id*.)  Thus, petitioner

08 appears to be alleging that his 1988 conviction is invalid and the court construes his petition as a

09 motion under 28 U.S.C. § 2255.

10       Because petitioner has previously filed one other such motion which this court dismissed

11 with prejudice, this petition is a second or successive one.  This court therefore lacks jurisdiction

12 to consider such a motion until the Ninth Circuit has authorized its filing.   *See* 28 U.S.C. §

13 2244(b)(3)(A); Circuit Rule 22-3(a).  Accordingly, this case is hereby TRANSFERRED to the

14 Ninth Circuit, pursuant to 28 U.S.C. § 1631 and Circuit Rule 22-3(a).

15       Petitioner is advised that this transfer alone does not constitute compliance with §

16 2244(b)(3) and Circuit Rule 22-3; he must still file a motion for leave to proceed in the Court of

17 Appeals and make the showing required by § 2244(b).  Petitioner is referred to this statute and

18 Circuit Rule 22-3 for further information.  Should petitioner be granted leave by the Ninth Circuit

19 Court of Appeals to proceed on his successive petition, his filing date for the purposes of the

20 statute of limitations set forth in § 2244(d) shall be the date of the initial filing in this court.

21 _____

22 public expense."  (*Id*.)  However, because the instant petition is a motion under 28 U.S.C. § 2255, petitioner is not required to pay a filing fee and therefore is not required to show "good cause."

ORDER OF TRANSFER
PAGE -2

01  The Clerk is directed to close this case, transfer all original documents to the Ninth Circuit
02 Court of Appeals, and retain a copy of the motion and of this Order in the file.  The Clerk is
03 further directed to send a copy of this Order to petitioner.
04  DATED this _11_ day of __October__, 2005.

07  
RICARDO S. MARTINEZ
08  UNITED STATES DISTRICT JUDGE

10 Recommended for Entry this
 6th  day of October, 2005.

11

s/ Mary Alice Theiler
12 United States Magistrate Judge

ORDER OF TRANSFER
PAGE -3